PER CURIAM.
Torr, Inc., and Gonzalo Torre appeal an order awarding attorney’s fees as a sanction. We affirm.
Humberto Chong and Nila Gonzalez filed a complaint alleging violations of the Fair Labor Standards Act of 1938.[1] During the course of litigation, plaintiff-appel-lee Chong settled his individual claim without the involvement of his counsel. Several days thereafter, Chong through counsel requested that the settlement be set aside and Chong’s claim be reinstated. The trial court granted the motion. See Lynn’s Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir.1982).
In 2001, plaintiff Chong and co-plaintiff Nila Gonzalez filed an amended complaint. Defendants-appellants Torr and Torre asserted numerous defenses to the complaint, including a defense against plaintiff Chong that his claim was barred by the earlier settlement.
In 2002, plaintiffs filed a motion for sanctions, claiming that defendant Torre had perjured himself. Plaintiffs asserted that in a deposition, defendant Torre testified untruthfully about the terms of the (rescinded) Chong settlement. According to the motion, Torre eventually admitted that his earlier testimony had been untruthful.
The trial court found that defendant Torre had lied at his deposition and awarded attorney’s fees in the amount of *745 $13,500.00 as a sanction. It is from this award that defendants appeal.
Defendants claim that Chong is barred from receiving the attorney’s fee award because of the earlier (rescinded) settlement. The defendants argue in substance that they have a complete defense to Chong’s claim because of the earlier settlement and that the trial court was legally incorrect in rescinding it.
After the trial court rescinded Chong’s settlement, the case was actively litigated. While the defendants had pled accord and satisfaction and other affirmative defenses to Chong’s claims, the defendants nonetheless had an obligation to testify truthfully at deposition and to respond accurately to the plaintiffs’ discovery request. The trial court found that defendant Torr had testified untruthfully and that plaintiffs’ counsel should be compensated for the extra litigation time required to unearth the actual facts of the case. See Syken v. Elkins, 644 So.2d 539, 547 (Fla. 3d DCA 1994), approved, Elkins v. Syken, 672 So.2d 517 (Fla.1996). The fact that the defendants believe they may have a complete defense to Chong’s claim does not relieve them of the responsibility to testify truthfully and follow the discovery rules.[2]
We see no merit in appellants’ remaining claims.
Affirmed.

. 29 U.S.C. §§ 201-219.

. During the pendency of this appeal, the case went to final judgment which has been affirmed here without opinion. See Torr, Inc. v. Chong, 852 So.2d 246 (Fla. 3d DCA 2003).